**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. Tramon Grayson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 16-cv-00073-CVE-PJC |
| | ) | |
| 2. Chevron Phillips Chemical Company LP, | ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW, Plaintiff Tramon Grayson, by and through counsel, Katherine R. Mazaheri, OBA #21746, and hereby complains against the Defendant Chevron Phillips Chemical Company LP (hereinafter "Defendant"):

**NATURE OF THE CASE**

1. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon his race. Plaintiff also alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law causes of action for illegal discrimination based upon race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiff also alleges a claim of illegal retaliation in violation of the OADA. Finally, Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination based upon his race.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 12 O.S. 696.4.

6. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claims arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practice arose in this district.

## PARTIES

7. Plaintiff, Tramon Grayson, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is an employee of Defendant in its Bartlesville, Oklahoma facility.

9. Defendant Chevron Phillips Chemical Company LP is a foreign limited partnership operating in locations throughout Oklahoma and across the United States.

## CONDITIONS PRECEDENT

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Attorney General's Office of Civil Rights Enforcement in April 2015. The EEOC charge number was: 564-2015-00775.

11. On November 19, 2015, the EEOC issued a Notice of Right to Suit for Plaintiff's EEOC charge.

12. Plaintiffs' attorneys received such notice on or about November 20, 2015.

13. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letter.

14. Plaintiff has exhausted all administrative remedies under state and federal law.

## GENERAL ALLEGATIONS

15. Plaintiff is an African-American male.

16. Plaintiff began his employment with Defendant as a Lab Technician in April 2010.

17. Throughout Plaintiff's employment, his department maintained a "flex-time" policy that allowed employees to arrive to work a few minutes after their scheduled start time of 7:00 A.M., provided that they stayed a matching number of minutes late each day that they arrived late.

18. Despite the majority of the employees in Plaintiff's department utilizing this policy, in early 2014 Plaintiff's new supervisor, Chris Eash, began harassing Plaintiff for utilizing the "flex-time" policy.

19. During the week of May 23, 2014, Plaintiff's machine was broken, so he performed other tasks and training. During this week, Mr. Eash reprimanded Plaintiff for "not working" and refused to see the records maintained by Plaintiff showing the actual work performed. No other employees received such reprimands despite periods of low work for the department.

20. In the summer of 2014, Plaintiff received verbal reprimands for his internet usage, despite company policy clearly allowing personal internet usage at work. NO other employees received such reprimands despite openly using the internet and cell phones in front of Mr. Eash.

21. In mid-2014, Plaintiff complained to Mr. Eash and Mr. Eash's immediate supervisor about the disparate treatment that he'd been receiving. Mr. Eash's supervisor failed to present Plaintiff's concerns to human resources (as required by company policy). Mr. Eash also failed, per company policy, to ask Plaintiff for a written statement outlining his concerns.

22. In August 2014, Plaintiff received his mid-year review and received no negative performance concerns in that document.

23. On August 26, 2014, Plaintiff arrived a few minutes late to work after stopping to get donuts for the office for his birthday. Such action in bringing donuts for everyone was a long standing department tradition. Mr. Eash reprimanded Plaintiff

for arriving late. Plaintiff challenged this reprimand by explaining that others used "flex-time." Mr. Eash agreed with Plaintiff yet stated that he was "only concerned with his [Plaintiff's] record."

24. On September 18, 2014, Plaintiff received an e-mail from Mr. Eash requesting that he meet with him regarding his "tardiness." Plaintiff immediately went to complain to Mr. Eash's supervisor concerning discrimination, harassment and retaliation by Mr. Eash. This individual admitted that other employees did the same things as Plaintiff, yet informed Plaintiff that he could no longer use "flex-time." Since this date, Plaintiff has not used the "flex-time" policy. This individual also refused to take Plaintiff's concerns to human resources.

25. On October 22, 2014, Plaintiff applied for an internal promotion to move him to a different department and away from Mr. Eash. Plaintiff believes that he was qualified for the position.

26. On November 10, 2014, Plaintiff received an e-mail from Mr. Eash's supervisor asking to meet as a follow up to their meeting on September 18th. During this meeting, this individual instead told Plaintiff that "he had the worst record in the department." He then informed Plaintiff that his name was pulled from consideration for the promotion due to his tardiness rates. Despite not using "flex-time" since the September 2014 meeting, Plaintiff did not receive the promotion, while Caucasian employees with similar tardiness rates, who continued to use "flex-time" after September 2014, remained in the applicant pool for the promotion.

27. Immediately after this meeting, Plaintiff attempted to contact human resources to address his concerns over the disparate and retaliatory treatment. He did not get to meet with human resources until December 13, 2014. Prior to this meeting, Plaintiff learned that he did not even have the worst tardiness rate in the department. During this meeting, human resources did not even know if the Bartlesville location even had a tardy policy.

28. During this meeting with human resources, Plaintiff was told that there would be an investigation into his concerns. At the time, Plaintiff did not believe any such investigation to actually be taking place.

29. Plaintiff subsequently learned from co-workers that Mr. Eash had been telling them to "keep an eye on" Plaintiff for him.

30. In February 2015, Plaintiff met with human resources once again and learned that human resources' investigation found "truth" to his allegations of discrimination, retaliation and harassment. Plaintiff was promised that corrective action would be taken. Plaintiff does not believe corrective action was taken.

31. Mere weeks after learning of the conclusion of human resources' investigation, on March 4, 2015, Plaintiff received an unjustified performance improvement plan.

32. In 2015, Plaintiff's annual review noted that he had performance deficiencies occurring prior to August 2014, despite his August 2014 mid-year performance review noting no such deficiencies.

33. After filing his EEOC charge, members of management informed Plaintiff that the company would no longer allow donut purchase from Plaintiff's donut store for

company events, despite the company purchasing donuts from Plaintiff's store for a number of years previously. During this conversation, Plaintiff was told such decision was "not connected to your complaints."

34. Mr. Grayson believes that the actions taken against him were motivated by one or more of the following impermissible factors: his race and/or in retaliation for his internal complaints, all in violation of Title VII, 42 U.S.C. 2000e *et. seq*.

35. As a result of Defendant's actions, Mr. Grayson has sustained the following damages/injuries: loss of a promotion, loss of wages, loss of seniority, loss of career path and opportunity, loss of fringe benefits and other compensation. Mr. Grayson has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

36. As a result of Defendant's actions, Mr. Grayson has been damaged well in excess of $10,000.00.

37. Add adverse actions taken by Defendant against Mr. Grayson were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Mr. Grayson.

## COUNT ONE
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq*.

38. Plaintiff reasserts and incorporates by reference paragraphs 1-37 as set forth above as if fully restated herein.

39. At all times while employed with Defendant, Plaintiff was qualified for the position he held, and for the promotion for which he applied, and had been performing satisfactorily.

40. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

41. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under Title VII by taking such adverse actions.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 35-37.

43. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

44. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981

45. Plaintiff reasserts and incorporates by reference paragraphs 1-44 as set forth above as if fully restated herein.

46. Plaintiff is an African-American protected from racial discrimination by 42 U.S.C. §1981.

47. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

48. Any reason(s) given for the adverse actions taken against Plaintiff are pretextual in nature.

49. The discrimination against Plaintiff altered the terms, conditions, and/or privileges of his employment.

50. Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

51. Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

52. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 35-37.

53. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

### COUNT III
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.

54. Plaintiff reasserts and incorporates by reference paragraphs 1-53 as set forth above as if fully restated herein.

55. At all times while employed with Defendant, Plaintiff was qualified for the position he held, and the position to which he applied, and had been performing satisfactorily.

56. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

57. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under the OADA by taking such adverse actions.

58. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 35-37.

59. Plaintiffs is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

60. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

**COUNT IV**
**ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981**

61. Plaintiff reasserts and incorporates by reference paragraphs 1-60 as set forth above as if fully restated herein.

62. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

63. 25 O.S. §1601 also prohibits such retaliatory conduct.

64. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

65. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when he complained on multiple occasions to his supervisor, his supervisor's manager and human resources.

66. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

67. The actions taken against Plaintiff following his protected activity in opposition to Defendant's illegal conduct are all retaliatory actions designed to prevent them from exercising their rights under Title VII, the OADA, and 42 U.S.C. §1981.

68. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

69. As a result of Defendant's retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 35-37.

70. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

71. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

h. That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: 02/08/2016

Respectfully Submitted,

/s/Katherine R. Mazaheri
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Telephone: (405)414-2222
Facsimile: (405)607-4358
katherine@mazaherilaw.com
*Attorney for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**